# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| MELISSA BUFORD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 17-1153-STA-egb |
| | ) |
| ST. JOHN'S COMMUNITY SERVICES, | ) |
| JEANNE PEEVYHOUSE-WHERTER, | ) |
| HEATHER BARNER, LISA GRIFFIN, | ) |
| TONY GRIFFIN, BRIAN DRUSHALL, | ) |
| SHERRY DRUSHALL, | ) |
| MARCIA FORD, and DUANE WEBB, | ) |
| | ) |
| Defendants. | ) |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**ORDER OF DISMISSAL**
**ORDER DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS***
**ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH**

Before the Court is the United States Magistrate Judge' Report and Recommendation that the Court dismiss Plaintiff's Complaint *sua sponte* for failure to state a claim. Plaintiff Melissa Buford, who is proceeding *pro se*, filed her Complaint for violation of the Americans with Disabilities Act on August 11, 2017. Pursuant to Administrative Order 2013-05, this case was assigned to the United States Magistrate Judge for management of all pretrial matters, including the issuance of a screening order under 28 U.S.C. § 1915(e). On December 12, 2017, the Magistrate Judge issued a report and recommendation as part of his screening of the Complaint and recommended that the Complaint be dismissed for failure to state a claim. Objections to the Report and Recommendation were due within fourteen (14) days of the entry of the Report,

making the objections due no later than December 27, 2017.[1] Giving Plaintiff the benefit of the additional three days allowed under Federal Rule of Civil Procedure 6(d), Plaintiff's objections were due at the very latest by Tuesday, January 2, 2018.[2] To date Plaintiff has filed no objections to the Magistrate Judge's Report. The Court need not review, under a *de novo* or any other standard, those aspects of the report and recommendation to which no specific objection is made. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Rather, the Court may simply adopt the recommendations of the Magistrate Judge to which no specific objection is filed. *Id.* at 151. In the absence of any objection to the Magistrate Judge's Report and Recommendation, the Court hereby **ADOPTS** the Report. Plaintiff's Complaint is dismissed *sua sponte* for failure to state a claim.

The next issue to be addressed is whether Plaintiff should be allowed to appeal this decision *in forma pauperis*. Under 28 U.S.C. § 1915(a)(3), an appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. *Id.* The same considerations that lead the Court to conclude the Complaint fails to state a claim also compel the conclusion that an appeal would not be taken in good faith. It is therefore **CERTIFIED**, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith and Plaintiff may not proceed on appeal *in forma pauperis*.

---

[1] The 14-day period actually expired on Tuesday, December 26, 2017, a date on which the Clerk's Office was closed in observance of the Christmas holiday. As a result, Plaintiff's 14 days ran out the following day.

[2] Tuesday, January 2, 2018, was the next business day on which the Clerk's Office was open. Plaintiff's third day under Rule 6(d) fell on Saturday, December 30, 2017, and Monday, January 1, 2018, was New Year's Day.

The Sixth Circuit Court of Appeals decisions in *McGore v. Wrigglesworth*, 114 F.3d 601, 612–13 (6th Cir. 1997) and *Floyd v. United States Postal Serv.*, 105 F.3d 274, 276 (6th Cir. 1997) apply to any appeal filed by Plaintiff in this case. If Plaintiff files a notice of appeal, she must pay the entire $505 filing fee required by 28 U.S.C. §§ 1913 and 1917. The entire filing fee must be paid within thirty (30) days of the filing of the notice of appeal. By filing a notice of appeal, Plaintiff becomes liable for the full amount of the filing fee, regardless of the subsequent progress of the appeal. If Plaintiff fails to comply with the above assessment of the appellate filing fee within thirty (30) days[3] of the filing of the notice of appeal or the entry of this order, whichever occurred later, the Court will notify the Sixth Circuit, which will dismiss the appeal. If the appeal is dismissed, it will not be reinstated once the fee is paid. *McGore*, 114 F.3d at 610.

The Clerk is directed to enter judgment.

**IT IS SO ORDERED.**

    s/ S. Thomas Anderson
    S. THOMAS ANDERSON
    CHIEF UNITED STATES DISTRICT JUDGE

    Date: February 1, 2018.

---

[3] The district court may extend this deadline one time by thirty (30) days if the motion to extend is filed before the expiration of the original deadline. *McGore*, 114 F.3d at 610.